**XIAO JUN CAO, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–1303–ag.

United States Court of Appeals, Second Circuit.

Oct. 9, 2007.

John Z. Zhang, New York, NY, for Petitioner.

Jeffrey A. Taylor, United States Attorney, Beverly M. Russell, Madelyn E. Johnson, Assistant United States Attorneys, Washington, DC, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Jun Cao, a citizen of the People's Republic of China, seeks review of the February 23, 2005 order of the BIA dismissing his appeal from the July 28, 1998 decision of Immigration Judge ("IJ")

Roxanne Hladylowycz, which denied his applications for asylum and withholding of removal, and the April 14, 2004 decision of IJ Hladylowycz that denied his application for relief under the Convention Against Torture ("CAT"). *In re Cao, Xiao Jun,* No. A75 961 703 (B.I.A. Feb. 23, 2005), *aff'g* No. A 75 961 703 (Immig. Ct. N.Y. City July 28, 1998) and (Immig. Ct. N.Y. City Apr. 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.*, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

Here, the IJ found that Cao's written asylum application, where he indicated that his political activities required him to "shuttle back and forth" from Beijing to Tienjing "many times," was inconsistent with his testimony that he visited Beijing only twice during his involvement with the pro-democracy student movement. Because that inconsistency concerned a matter central to Cao's claim—that he was a leader in the pro-democracy student movement—it was substantial when measured against the record as a whole. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003).

The IJ also noted three additional inconsistencies between Cao's testimony and his documentary evidence: (1) although he claimed to be unemployed, Cao's passport, issued in Beijing, indicated that he was a professional manager; (2) Cao obtained a B–1 business visa from the American consulate, which is consistent with the professional designation on his passport, and in-

consistent with his testimony that he was homeless for eight years; and (3) the country profile indicated that, if Cao was indeed a student activist leader, he would not have been able to leave the country so easily. While these inconsistencies were arguably less central to Cao's claim, combined with the IJ's additional credibility findings, the IJ properly deemed them consequential. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Moreover, although Cao offered explanations for these inconsistencies, a reasonable factfinder would not be compelled to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005).

The IJ's credibility determination was also supported by his finding that portions of Cao's testimony were implausible and that some of his testimony lacked specificity. The IJ's adverse credibility determination was amply supported by the record as a whole and provided a proper basis for the agency's denial of asylum and withholding of removal. Insofar as Cao's CAT claim was based on the same factual predicate as his asylum and withholding of removal claims, the adverse credibility finding is dispositive of that claim as well. *See Xue Hong Yang,* 426 F.3d at 523. To the extent that the IJ addressed Cao's CAT claim assuming his credibility, she did not err in finding that he presented insufficient evidence of a likelihood of torture. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.